UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROLLERS T. FLEMING AKA MALEKK "X" SHABAZZ,

    Plaintiff,

v.

THOMAS J. FLENAGLE *et al.*,

    Defendants.

Case No. C09-5681FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
January 8, 2010

This 42 U.S.C. 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Accordingly, the following Report and Recommendation is hereby submitted.

In the proposed complaint plaintiff challenges his arrest, imprisonment, and prosecution. He also challenges the practice of placing his former name, Tollers T. Fleming, before his legal name, Malekk "X" Shabazz on his prison identification badge. Plaintiff was convicted under the former name even though he had legally changed his name. He names as defendants the Superior Court Judge from Pierce County who sat at his criminal trial, Thomas J. Felnagle. He

REPORT AND RECOMMENDATION- 1

also names the Superintendents from the Clallam Bay Corrections Center and the Stafford Creek Corrections Center.

The court recommends the action be dismissed prior to service for several reasons. The trial court judge enjoys absolute immunity, further, plaintiff may not challenge the propriety of his current conviction in a civil rights action, finally, the documents submitted by plaintiff and attached to the complaint show the State Department of Correction is willing to place plaintiff's legal name Malekk X Shabazz on his name tag after his conviction name. The state would place an AKA designation before the legal name. Thus, plaintiff has the ability to use his legal name in connection with his incarcerated name.

Given the above facts, the court recommends this action be DISMISSED prior to service. Dismissal of claims relating to the conviction should be WITHOUT PREJUDICE. Claims relating to placing plaintiff's name should be DISMISSED WITH PREJUDICE.

## DISCUSSION

1. *Judge Felnagle.*

Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman, 793 F.2d at 1078. Accordingly, plaintiff's attempt to hold Judge Felnagle liable for his judicial actions fails as a matter of law.

2. *Current Conviction.*

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the

REPORT AND RECOMMENDATION- 2

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S, 477, 489 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Id. at 489.

It is clear to the court that plaintiff's attempts to call into question the propriety of his current conviction or sentence cannot proceed. Under Heck, plaintiff's § 1983 claim has not yet accrued, and therefore is not cognizable.

The court finds that such allegations should be dismissed pursuant to the law set forth above. Plaintiff shall not be permitted to seek such relief or pursue such claims via § 1983, without first successfully petitioning for his release and/or expungement of his conviction by way of petition for writ of habeas corpus or similar state procedures.

3. *Name recognition.*

At some point in time plaintiff changed in connection with his religion. He complains because he was charged, convicted, and is now incarcerated under his prior name, Tollers T. Fleming. For a number of years, federal courts have been wrestling with inmates' changing their names for religious reasons. In Malik v. Brown, the court stated:

> The cases have consistently supported three propositions. First, an inmate has a First Amendment interest in using his religious name, at least in conjunction with his committed name. See, e.g., Salaam II, 905 F.2d at 1170; Felix v. Rolan, 833 F.2d 517, 518 (5th Cir.1987); Barrett v. Virginia, 689 F.2d 498 (4th Cir.1982). Second, an inmate cannot compel a prison to reorganize its filing system to reflect the new name. See, e.g., Barrett, 689 F.2d at 503; Akbar v. Canney, 634 F.2d 339, 340 (6th Cir.1980), cert. denied, 450 U.S. 1002, 101 S.Ct. 1712, 68 L.Ed.2d 205 (1981). Third, in states where inmates are allowed to change names legally, prisons are generally required to recognize only legally changed names. See, e.g., Rahman v. Stephenson, 626 F.Supp. 886 (W.D.Tenn.1986); Salahuddin v. Coughlin, 591 F.Supp. 353 (S.D.N.Y.1984).

REPORT AND RECOMMENDATION- 3

Malik v. Brown, 71 F.3d 724, 7 27-28 (9th Cir. 1995).

Here, Washington Department of Correction policy 400.280 mandates that an offender use his committed name. The policy allows the offender to add his legally changed name after the committed name using an AKA designation. Plaintiff placed this information before the court in the exhibits to the proposed complaint (Dkt. # 1, proposed complaint page 5 of 84). Plaintiff cannot mandate that the prison reorganize its files, or refer to him by his newer name. He has been committed under the name Trollers T. Fleming. Tracking of prior convictions for sentencing purposes and the keeping of records are important government functions that provide adequate reasons to allow the government to use the name plaintiff first entered the system under. Plaintiff has failed to state a claim. Therefore, this claim is subject to dismissal prior to service.

## CONCLUSION

The undersigned recommends that the Court dismiss this action prior to service. The dismissal will not prejudice plaintiff's right to file a § 1983 claim if his pending criminal matter or current sentence is later invalidated. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 8, 2010 as noted in the caption.

Dated this 23rd day of November, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4